IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUGUSTUS HEBREW EVANS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-599-JJF |
| | : | |
| NATHAN COOK and DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendants. | : | |

Augustus Hebrew Evans, Jr., Pro se Plaintiff. Howard R. Young Correctional Institution, Wilmington, Delaware.

**MEMORANDUM OPINION**

December 5, 2007
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Augustus Hebrew Evans, Jr., ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HYRCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted leave to proceed without prepayment of fees status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss the claims against the Department of Correction as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Defendant Nathan Cook on the excessive force claim.

## I. THE COMPLAINT

Plaintiff alleges that on January 29, 1997, Defendant Nathan Cook ("Cook") maced him for not getting dressed fast enough. He alleges Cook called a code on him. Plaintiff alleges that he was transferred to the infirmary and then to isolation where he served fifteen days "unjustified." Plaintiff alleges that his face and body burned all day and his testicles were on fire. Plaintiff alleges Cook was unjustified in his use of mace. He also claims that his transfer to isolation violated his constitutional rights.

Plaintiff seeks compensation for every day spent in

isolation, monies owed to the prison law library, and attorney's fees.

**II. STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

### A. Eleventh Amendment Immunity

Plaintiff names the Department of Correction ("DOC") as a defendant, but the Complaint contains no allegations against the DOC. Regardless, the DOC, an agency of the State of Delaware, is immune from suit. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names

the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Department of Corr., 749 F. Supp. 572, 579 (D. Del. 1991). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, at *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Plaintiff's claim against the DOC has no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, it is dismissed as a Defendant pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

**B. Housing**

Plaintiff complains that his constitutional rights were violated when he was unjustifiably transferred to isolation for fifteen days. At issue is whether Plaintiff's transfer to isolation violated his right to due process and whether the alleged violation implicates a constitutionally protected property or liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995).

"Liberty interests protected by the Fourteenth Amendment may arise from two sources - the Due Process Clause itself and the

laws of the States." Hewitt v. Helms, 459 U.S. 460, 466 (1983). In a prison setting, states may create protected liberty interests. These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484 (internal citations omitted). The Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. Griffin v. Vaughn, 112 F.3d 703, 706-09 (3d Cir. 1997); see Sack v. Canino, No. Civ. A. 95-1412, 1995 WL 498709, at *1 (E.D. Pa. Aug. 21, 1995)(assuming that the plaintiff was not afforded the protections called for by Wolff, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights).

Moreover, neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. See Del. Code Ann. tit. 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause

does not in itself subject an inmate's treatment by prison authorities to judicial oversight."' Hewitt, 459 U.S. at 468 (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)). Hence, it has been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,"' even though the change in status involves a significant modification in conditions of confinement. Hewitt, 459 U.S. at 468 (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976); see also Brown v. Cunningham, 730 F. Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Based upon the foregoing, the decision to transfer Plaintiff to isolation for fifteen days cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution."

Accordingly, the Court will dismiss the claim as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV. CONCLUSION**

For the reasons discussed above, the Court will dismiss without prejudice the transfer to isolation claim and the claims against the Department of Correction as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff may proceed with the excessive force claim against Nathan Cook. An appropriate Order will be entered.