IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGUSTA HEBREW EVANS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-599-JJF |
| NATHAN COOK, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (D.I. 24). For the reasons discussed, the Motion will be denied.

**I.   BACKGROUND**

Pro se Plaintiff, Augusta Hebrew Evans ("Mr. Evans") an inmate under the supervision of the Delaware Department of Correction ("DDC") at the James T. Vaughn Correctional Center ("JTVCC"), filed this civil rights action on September 25, 2007, pursuant to 42 U.S.C § 1983, alleging a violation of the Eighth Amendment by Defendant, Nathan Cook. Specifically, Plaintiff alleges that Defendant used excessive force against him after becoming frustrated that Plaintiff was taking his time to leave his cell. On January 29, 2007, Plaintiff alleges that Defendant requested that he exit his cell to leave for court. Plaintiff replied that the lights were not on in his cell and that he could not find his case file that he needed for court. Plaintiff alleges that he informed Defendant that he needed his case file because he was proceeding pro se, but that he could not find it

in the dark. Plaintiff further alleges that Defendant became agitated with him for taking too much time and proceeded to shove Plaintiff onto his bed and spray him with mace.

By his Motion for Appointment of Counsel, Plaintiff contends that he has experienced retaliation for having "succeeded" in <u>Evans v. Hennessy</u>, 934 F. Supp 127 (D. Del. 1996). (D.I. 24 at 1.) He contends that he has been subject to systematic retaliation, blatant abuses in write-ups, abuses of intimidation, an assault in a separate incident, the denial of his right to press charges, and the denial of adequate access to legal materials. (<u>Id</u>. at 1-2.) Plaintiff contends that "the only reasonable conclusion to the systematic abuses . . . would be to appoint counsel to advocate [Plaintiff's] causes." (<u>Id</u>.)

In response, Defendant contends that Plaintiff's allegations of assault and of being denied the right to file criminal charges are more appropriately handled through the facility's grievance procedure and that there is nothing in Plaintiff's motion indicating that he has tried or exhausted this process. Defendant further contends that Plaintiff's allegation that he is being denied adequate access to legal materials is in direct contravention of his law library records. Defendant offers evidence that in the last three months, Plaintiff has received more than 1,700 photocopy pages, which include twenty-two court cases, in addition to numerous state statutes and court rules. (D.I. 25 at 3.) Defendant further contends that Plaintiff's legal abilities are adequate to prosecute this action as

evidenced by the numerous legal lawsuits described in Defendant's answer as well as motions filed thus far in the present action. Defendant contends that this record not only demonstrate Plaintiff's legal knowledge, but also demonstrates that this case is not so complex as to require the assistance of counsel.

## II. DISCUSSION

Indigent civil litigants have neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have the ability to request representation for any civil litigant unable to afford counsel, 28 U.S.C. § 1915(e)(1), and are afforded broad discretion in making such a request. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Court must first consider whether the indigent plaintiff's claim appears to have "some merit in fact and law." Id. At 155 (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)(per curiam)). If so, the Court may consider the following non-exhaustive factors in deciding whether to request counsel:

1. The plaintiff's ability to present his or her own case;
2. The difficulty of the particular legal issues;
3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. The plaintiff's capacity to retain counsel on his or her own behalf;
5. The extent to which a case is likely to turn on credibility determinations, and;
6. Whether the case will require the testimony of expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron, 6 F.3d at 155-57) (the "Tabron factors"). In addition

the court should consider practical constraints before requesting representation: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation." Tabron, F.3d at 157.

The Court assumes, solely for the purposes of deciding this Motion, that Plaintiff's claims have arguable merit, and will thus consider the Tabron factors. Plaintiff is unable to afford counsel and has been given leave to proceed *in forma pauperis*. This status notwithstanding, the Court finds that the request for counsel is not warranted at this time.

Under the first Tabron factor, the Court "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience. " Tabron, at 156. Plaintiff offers no evidence to show that any of the above factors limit his ability to handle his own case. Further, the Court finds that he has demonstrated an ability to present his own case, as demonstrated by the fact that he has filed multiple motions and requests. He has made a number of pro se filings against Defendant which outline his claims against Defendant clearly and articulately.

The Court further finds that the allegations in this case are not complex, and that Plaintiff is able to conduct a factual investigation without the assistance of counsel, especially because the events that constitute the basis of his claims

occurred within the DCC. While Plaintiff alleges that he has been denied adequate access to legal materials, he offers no specific facts about the nature of this denial, and Plaintiff's library records belie his allegation of inadequate library access. Finally, the Court concludes that expert testimony is unnecessary in this case because the issues are not so complex as to necessitate expert opinion.

Accordingly, the Court concludes that Plaintiff has not sufficiently satisfied the <u>Tabron</u> factors at this juncture, and therefore, counsel should not be requested at this time.

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Appointment Counsel (D.I. 24) is **DENIED**.

<u>September 19 , 2008</u>             *Joseph J Farnan Jr.*
Date                                United States District Judge