IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGUSTUS HEBREW EVANS, JR., | : | |
| | : | |
| v. | : | Civil Action No. 07-599-JJF |
| | : | |
| NATHAN COOK, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motions For Injunctive Relief and Defendant's Motion To Quash Subpoena. (D.I. 19, 20, 26.)

**I. BACKGROUND**

Plaintiff Augustus Hebrew Evans ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights as a result of the use of excessive force on January 29, 2007. He appears pro se and has been given leave to proceed without prepayment of fees. (D.I. 4.)

**II. PENDING MOTIONS**

**A. Motions For Injunctive Relief**

Plaintiff has filed two motions seeking injunctive relief. The first motion asks for relief "showing the need to circumvent the disciplinary actions taken against Plaintiff." (D.I. 19.) Plaintiff specifically asks for better access to legal materials

and protection from retaliation. He also asks for a statement from a fellow inmate. At the time Plaintiff filed the Motion, he was housed at the Howard R. Young Correctional Institution ("HRYCI"). He is now housed at the VCC.

The second Motion complains of an alleged assault that took place on August 8, 2008, by non-Defendants Officers David Stroup and Matthew Murray. (D.I. 26.) Plaintiff seeks immediate outside medical treatment, an immediate return to the HRYCI or placement in regular population, and a meeting with internal affairs officers regarding the August 8, 2008 occurrence.

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted).

In the first Motion for injunctive relief (D.I. 19), Plaintiff sought to compel the Delaware Department of Correction to take certain action while he was housed at the HRYCI. He is

no longer housed there.  Accordingly, the Motion will be denied as moot.  (D.I. 19.)

The second Motion for injunctive relief appears to be an attempt by Plaintiff to file a new lawsuit under the guise of a motion seeking injunctive relief.  The acts Plaintiff complains of took place over a year after the occurrence as alleged in his original Complaint.  Additionally, Stroup and Murray are not named as defendants.  Moreover, Plaintiff asks for outside medical treatment, a transfer to a different correctional institution, and a meeting with internal affairs.  He does not have a constitutional right to any of these requests.  See Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000) ("a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable.); Walls v. Taylor, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing Brathwaite v. State, No. 169, 2003 (Del. Dec. 29, 2003) (prison officials have discretion to house inmates at the facilities they choose); Olim v. Wakinekona, 461 U.S. 238, 251(1983) (an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state.)  As to the second Motion For Injunctive Relief, Plaintiff has not demonstrated the likelihood

of success on the merits.  Therefore, the Court will deny the Motion.  (D.I. 26.)

    **B.  Motion To Quash Subpoena**

Plaintiff requested issuance of a subpoena to Staff Lt. Joseph Sabato for documentation of the employment history of Defendant.  (D.I. 17.)  Defendant filed a Motion To Quash on the grounds that Defendant's employment records cannot be discussed pursuant to Del. Code Ann. tit. 11 § 4322(a) and the documents are specifically prohibited from discovery to an inmate pursuant to Del. Code Ann. tit. 29 §§ 10002(g)(1) and (g)(13).  Defendant also posits that the foregoing statutes preclude testimony regarding his employment history or performance.

The Court will grant the Motion To Quash to the extent that Plaintiff, as an inmate in the custody of the Delaware Department of Correction ("DOC"), is precluded from obtaining the records he seeks.  The Motion is denied to the extent that Defendant interprets the statute as precluding any testimony regarding his employment history or performance.

**III.  CONCLUSION**

    IT IS THEREFORE ORDERED that:

    1.  Plaintiff's Motion For Injunctive Relief Showing The Need To Circumvent The Disciplinary Actions Taken Against Plaintiff is **DENIED** as **moot**.  (D.I. 19.)

   2.   Plaintiff's Rule 65 Injunction Request is **DENIED**.  (D.I. 26.)

   3.   Defendant's Motion To Quash Subpoenas is **GRANTED** to the extent that Plaintiff seeks personnel records and other documentation regarding Defendant and denied in all other respects.  (D.I. 20.)

| | |
|---|---|
| 11-13-08 | *[signature]* |
| DATE | UNITED STATES DISTRICT JUDGE |